Honorable Wendell Bailey State Representative, District 152 312 East Fourth Street Willow Springs, Missouri 65587
Dear Representative Bailey:
This is in response to your request for an opinion which reads as follows:
 "On June 2, 1977, the State Board of Education, through arbitration as authorized by Section 162.431 RSMo., detached a certain tract of land from Fairview R XI district of Howell County and attached this tract of land to the West Plains R VII school district.
 "Which of these school districts should receive the school tax moneys collected on real and personal property for the current FY 77-78 school year?"
The answer to your question depends on, (1) when the boundary change became effective, and (2) when the 1977-1978 school taxes were validly levied.
According to Section 162.431.4, RSMo Supp. 1975, when a board of arbitration decides that the boundaries of the school districts shall be changed, the chairman of the board of arbitration transmits the decision to the secretary of each district affected who enters a decision upon the records of his district. The statute provides that the boundaries "shall thereafter be in accordance with the decision of the board of arbitration." [Here the secretary of each district was notified of the decision on June 2, 1977. Therefore, the boundary change became effective as of that date.]
The statutory procedure for levying school taxes requires the school board to prepare an estimate of the tax rate required to produce the amount of money needed for the ensuing school year and to forward the estimate to the county clerk on or before July 15. Section 164.011, RSMo Supp. 1975. The clerk then extends the amount so returned against all taxable property in the district. Section 164.041, RSMo Supp. 1976. In the present case the West Plains R-VII School District certified its levy to the clerk July 13, 1977, and Fairview R-XI certified its levy July 15, 1977.
Where the boundary change becomes effective before the taxes are levied and assessed, the words of the statute entitle the annexing district to levy at its rate and collect the taxes from the tract.
Prior Attorney General Opinion No. 96, March 22, 1956, Wheeler, provides support for this conclusion. That opinion discussed the scope of the rights and duties of the old and new school districts in a situation where extension of city limits changed the boundaries of a school district. Although the statute there being construed provided that the change would not take effect until the following July, the opinion concluded that the intention of the legislature in providing for the effective date of July 1, was:
 ". . . that in the conduct of the schools the districts should continue as they are for the current year and in the transaction of the current year's business, but as far as preparation for the coming school year and the adjustment and apportionment of the property and obligations of the several districts, the change in boundaries should be considered in effect as of the date of the vote or decree extending the boundaries of the city or town."
Therefore, it is our view that when a parcel of land is transferred from one school district to another and the boundary change becomes effective before the school taxes for the ensuing year have been validly levied and assessed, the annexing district is entitled to apply its tax rate to and collect the taxes on the annexed tract.
Very truly yours,
 JOHN ASHCROFT Attorney General